Mr. Justice Clayton
delivered the opinion of the court.
This was an action of ejectment, in the circuit court of Tippah county. Both parties claimed title under one West.
The title of the plaintiff, in whose favor there was a jndgment in the court below, was thus derived: In June, 1839, a judgment was rendered against West in favor of Morgan & Co., under which the lot in controversy was sold, by execution, to one Walker, in March, 1841, and conveyance made by the sheriff to him. Walker conveyed the lot to Wheatley, the plaintiff in ejectment, in January, 1843. The plaintiff proved by West that he had bought and paid for the lot, and made improvements upon it, before the date of Morgan’s judgment. That, being in failing circumstances, he had, after the judgment, sold the lot .to the defendant, Thompson, to whom he was indebted, but that he informed him of the judgment, at the time. Thompson said he would take title direct from Kyle, in whom the legal title to the lot was vested, so as to avoid the judgment lien. West had no deed, but only a title bond, which he assigned to Thompson. Thompson procured a deed from *506 the original vendor, and produced it upon the trial, in opposition to the claim of the plaintiff. The question thence arises, as to the plaintiff’s right of recovery.
As West had paid the whole purchase-money, he had an equitable title to the lot, at the time of the judgment against him. Was that title the subject of sale, under execution? Our statute enacts, that “ estates of every kind, holden or possessed in trust, shall be subject to like debts and charges of the persons to whose use, orto whose benefit they were or shall be respectively holden or possessed, as they would have been subject to,' if those persons had owned the like interest in the things holden or possessed, as they own or shall own in the uses or trusts thereof.” H. & H. 349, sec. 29. We think that the equitable title of West, upon full payment of the purchase-money, was such an estate, as, under this statute, might be sold under execution. This estate became vested in- the plaintiff in ejectment, by his purchase from Walker, who bought at the sheriff’s sale. Bogert v. Perry, 17 Johns. 350; Jackson v. Walker, 4 Win. 464. The statute authorizes the sheriff, after his sale, to convey to the purchaser, all the right, title, interest and claim of the defendant, in and to the lands sold, either in law or equity. H. & H. 644. The sheriff’s deed conveyed the trust estate to the purchaser, and the defendant in ejectment is but a trustee for him.
There is, in our minds, no doubt of Wheatley’s right to recover, the only doubt is, whether his remedy must be pursued at law or in equity. In New York the remedy seems to be pursued indifferently, in either court; the case cited above from Johnson, was in chancery; that from Wendell, at law. It has been holden, in this state, that where one person purchased land by the direction and with the money of another, but took the conveyance to himself, a trust resulted to the owner of the money, of such a character, that he might recover the land at law. Brown v. Weast, 7 How. We think it of dangerous tendency to give any farther latitude or extent to the doctrine. In ejectment the legal title alone is regularly put in issue. According to the facts in this record the plaintiff has *507 a right to recover in equity under his purchase; yet we cannot, with propriety, confound the distinctions between the courts of law and courts of equity. The latter tribunal is, in general, the only one competent to take cognizance of equitable titles.
To mark, with some degree of precision, the extent of this decision, we think it proper to say, that it is made to apply only to a case in which the whole purchase-money has been paid, at the time of the sheriff’s sale. . Whether an execution sale would be good, where only part of the purchase-money has been paid by the defendant in execution, seems to be matter of doubt upon the authorities, and we reserve any opinion upon this point for the present. That precise case is now before us, and still under consideration.
The judgment in this case is reversed, and the cause remanded, that the plaintiff may dismiss, and proceed in equity if he chooses so to do.